**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Prosper Lugassy<br><br>                           Plaintiff,<br><br>   -v.-<br>Bank of America, N.A.,<br>Credit Control, LLC,<br>Mercantile Adjustment Bureau, LLC,<br>Client Services, Inc.<br><br>                          Defendant(s). | **DEMAND FOR JURY TRIAL**<br><br>**C.A. No.:** 0:19-cv-61765 |

**COMPLAINT**

Plaintiff Prosper Lugassy ("Plaintiff") by and through his attorneys, and as and for his Complaint against Defendants Bank of America, N.A. ("Bank of America"), Credit Control, LLC ("Credit Control"), Mercantile Adjustment Bureau, LLC ("MAB"), and Client Services, Inc. ("CSI") respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

2. Additionally, Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"),

1

## PARTIES

3. Plaintiff is a resident of the State of Florida, County of Broward, residing at 14404 S Royal Cove Circle, Davie, Florida, 33325.

4. Defendant Bank of America Bank, N.A. is a Delaware corporation that can be served in Florida c/o CT Corporation System, 1200 South Pine Island Road, Plantation, Fl, 33324.

5. Defendant Credit Control, LLC is a Missouri corporation with an address for service in Florida c/o CT Corporation System, 1200 South Pine Island Road, Plantation, Fl, 33324.

6. Defendant Credit Control is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

7. Defendant Mercantile Adjustment Bureau, LLC is a New York corporation with an address for service in Florida c/o NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Fl, 33324.

8. Defendant Mercantile Adjustment Bureau is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant Client Services, Inc is a Missouri corporation with an address for service in Florida c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301.

10. Defendant Client Services. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

14. Sometime prior to November 2018, a consumer obligation was allegedly incurred to Bank of America.

15. The obligation arose out of transactions in which money, property, insurance or services were primarily used for personal, family or household purposes.

16. The alleged Bank of America obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Bank of America is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. On information and belief, on a date better known to Defendant Bank of America, Defendant Bank of America began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

19. Defendant Bank of America placed calls to Plaintiff's cell phone in the manner described previously.

20. Plaintiff told Defendant Bank of America not to contact him on his cellphone and revoked any consent the Defendant Bank of America may have previously had to call the Plaintiff in this manner.

21. Once Defendant Bank of America was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

22. Defendant Bank of America ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis.

23. These calls from Defendant Bank of America to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

24. Furthermore, Defendant Bank of America contracted multiple debt collectors to collect the alleged debt and instructed these collectors to call the Plaintiff's cell phone.

25. Firstly, the Plaintiff assigned the debt to Defendant CSI for collection of the debt.

26.

27. Defendant CSI placed calls to Plaintiff's cell phone in the manner described previously.

28. Defendant CSI was aware from Defendant Bank of America that these calls were unwanted, and the continued calls could have served no purpose other than harassment.

29. Defendant CSI ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis.

30. Plaintiff told Defendant CSI not to contact him on his cellphone and revoked any consent the Defendant Bank of America may have previously had to call the Plaintiff in this manner.

31. Defendant CSI ignored Plaintiff's multiple revocations and continued to call his cellular telephone number on a consistent basis.

32. These calls from Defendant CSI to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

33. Additionally, these calls made in a harassing fashion violate multiple provisions of the FDCPA.

34. Secondly, the Plaintiff assigned the debt to Defendant Credit Control for collection of the debt.

35. Defendant Credit Control collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

36. On information and belief, on a date better known to Defendant Credit Control, Defendant Credit Control began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

37. Defendant Credit Control placed calls to Plaintiff's cell phone in the manner described previously.

38. Defendant Credit Control was aware from Defendant Bank of America that these calls were unwanted, and the continued calls could have served no purpose other than harassment.

39. Defendant Credit Control ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis.

40. Plaintiff told Defendant Credit Control not to contact him on his cellphone and revoked any consent the Defendant Bank of America may have previously had to call the Plaintiff in this manner.

41. Defendant Credit Control ignored Plaintiff's multiple revocations and continued to call his cellular telephone number on a consistent basis.

42. These calls from Defendant Credit Control to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

43. Additionally, these calls made in a harassing fashion violate multiple provisions of the FDCPA.

44. Finally, the Plaintiff assigned the debt to Defendant MAB for collection of the debt.

45. Defendant MAB placed calls to Plaintiff's cell phone in the manner described previously.

46. Defendant MAB was aware from Defendant Bank of America that these calls were unwanted, and the continued calls could have served no purpose other than harassment.

47. Defendant MAB ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis.

48. Plaintiff told Defendant MAB not to contact him on his cellphone and revoked any consent the Defendant Bank of America may have previously had to call the Plaintiff in this manner.

49. Defendant MAB ignored Plaintiff's multiple revocations and continued to call his cellular telephone number on a consistent basis.

50. These calls from Defendant MAB to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

51. Additionally, these calls made in a harassing fashion violate multiple provisions of the FDCPA.

52. As a result of Defendants unfair practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-52 herein with the same force and effect as if the same were set forth at length herein.

54. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

55. Defendants used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

56. Defendants used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

57. Defendants willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANTS CSI, MAB and CREDIT CONTROL)

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-52 herein with the same force and effect as if the same were set forth at length herein.

59. Defendants CSI, MAB and Credit Control debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e and 1692f.

60. Defendant CSI, MAB and Credit Control violated the provisions listed above by continuing to call the Plaintiff after he specifically stated to not call any further.

61. By reason thereof, Defendants CSI, MAB and Credit Control is liable to Plaintiff for judgment that Defendants CSI, MAB and Credit Control conduct violated the above stated provisions of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

62. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Prosper Lugassy demands judgment from Defendants Bank of America Bank (USA), N.A, CSI, MAB and Credit Control as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

e) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

f) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

g) A declaration that the Defendant's practices violated the TCPA; and

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 16, 2019                     Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com
*Attorney for Plaintiff*