UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61765-WILLIAMS/VALLE

PROSPER LUGASSY,

    Plaintiff,

v.

BANK OR AMERICA, N.A., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant Credit Control, LLC's ("Credit Control") Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 17) (the "Motion"). United States District Judge Kathleen M. Williams referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 36). Accordingly, having reviewed the Motion (ECF No. 17), Plaintiff's Response (ECF No. 20), Defendant's Reply (ECF No. 24), and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED** for the reasons set forth below.

### I.    BACKGROUND

On July 16, 2019, Plaintiff filed a two-count Complaint against Defendants Bank of America, N.A. ("BOA"), Credit Control, LLC ("Credit Control"), Mercantile Adjustment Bureau, LLC, and Client Services, Inc., alleging claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (Count I) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count II). *See generally* (ECF No. 1). On August 9, 2019,

Credit Control filed the instant Motion.[1] The Complaint alleges as follows:

Sometime before November 2018, Plaintiff incurred a debt to BOA arising out of transactions "in which money, property, insurance, or services where primarily used for personal, family or household purposes." (ECF No. 1 ¶¶ 14-16). BOA contracted multiple debt collectors to collect the alleged debt and instructed these collectors to call Plaintiff's cell phone. *Id.* ¶ 24. Credit Control is one of these debt collectors.[2] *Id.* ¶¶ 34-35.

Credit Control called Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") or "predictive dialer" and/or using an artificial or prerecorded voice. *Id.* ¶ 36. Credit Control was aware from BOA that the calls were unwanted and could have served no purpose other than harassment. *Id.* ¶¶ 37-38. Plaintiff told Credit Control not to contact him on his cell phone and revoked any consent BOA may have previously had to call Plaintiff. *Id.* ¶¶ 39-40. Credit Control ignored Plaintiff's multiple revocations and continued to call Plaintiff's cell phone. *Id.* ¶ 41. Plaintiff alleges that the calls were a collection communication in violation of multiple provisions of the TCPA, made in a harassing fashion also violating multiple provisions of the FDCPA. *Id.* ¶¶ 42-43.

Credit Control moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. First, Credit Control argues that Plaintiff has failed to allege facts to support a reasonable inference that Credit Control used an ATDS or an artificial or prerecorded voice. *See* (ECF No. 17 at 5-6). Second, Credit Control argues that Plaintiff fails to sufficiently allege an FDCPA claim under §§ 1692d (prohibiting harassment or abuse), 1692e

---

[1] Except for Credit Control, all Defendants filed an Answer to the Complaint. *See* (ECF Nos. 15, 23, 25).

[2] The Complaint mistakenly alleges that Plaintiff, rather than BOA, assigned the debt to Defendant Credit Control. (ECF No. 1 ¶ 34). BOA, however, was the entity who assigned the debt to Credit Control for collection. *Id.* ¶ 24.

2

(prohibiting false or misleading representations), or 1692f (prohibiting unfair practices). *See* (ECF No. 6-9). Alternatively, Credit Control seeks a more definite statement under Federal Rule of Civil Procedure 12(e) because Plaintiff's Complaint is a "shotgun pleading." *See* (ECF No. 17 at 9-11).

## II.   LEGAL STANDARDS

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's review of the sufficiency of the Complaint is limited to the allegations presented in the Complaint. *See GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Moreover, all factual allegations in the Complaint are accepted as true and all reasonable inferences are drawn in the Plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citations omitted). Nevertheless, while a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555 (internal citations and quotations omitted). Conclusory allegations, unwarranted factual deductions, and legal conclusions masquerading as facts may result in dismissal. *United States ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 792-93 (11th Cir. 2014) (citation omitted).

Courts conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Miracle 7, Inc. v. Halo Couture*, *LLC*, No. 13-61643-CV, 2014 WL 11696708, at *2 (S.D. Fla. Jan. 17, 2014) (citation omitted). "A court should first ask whether the pleading properly asserts 'well-pleaded factual allegations,' or instead merely asserts legal conclusions that are not entitled to the assumption of truth." *Id.* (citations omitted). If the complaint contains

3

factual allegations that are well-pled, the Court should assume their veracity, and then move to the next step and ask whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* Thus, where the pleading asserts non-conclusory factual allegations that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id.* (quoting *Twombly*, 550 U.S. at 570).

Moreover, under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012) (quoting *Ramirez v. FBI*, No. 8:10-CV-1819-T-23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010)). "Such a motion 'is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail.'" *Euro RSCG Direct Response,* 872 F. Supp. 2d at 1358 (quoting *Ramirez*, 2010 WL 5162024, at *2).

### III.     LEGAL ANALYSIS

    *A.     The Complaint is a Shotgun Pleading*

Credit Control asserts that the Complaint is a "shotgun" pleading that requires a more definite statement under Federal Rule of Civil Procedure 12(e).[3] (ECF No. 17 at 9-11). In general, shotgun pleadings fail to give a defendant adequate notice of the claims and the grounds upon which each claim rests. *Vibe Micro Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). The

---

[3] Because the undersigned finds that Plaintiff's Complaint should be dismissed on other grounds, the undersigned recommends that the Court deny as moot Defendant's request for a more definite statement under Rule 12(e).

Eleventh Circuit has identified four types of pleading deficiencies as shotgun pleadings: (i) complaints containing "multiple counts where each count adopts the allegations of the preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (ii) complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (iii) complaints that do not separate each cause of action or claim for relief into a different count; and (iv) complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Plaintiffs who file shotgun pleadings are generally given an opportunity to remedy the deficient pleading. *Vibe Micro,* 878 F.3d at 1295; *see also Phillips v. City of W. Palm Beach*, No. 18-CV-80172, 2018 WL 3586179, at *4 (S.D. Fla. July 26, 2018) (granting leave to amend a shotgun complaint that had previously been amended to add defendants).

Credit Control argues that Plaintiff's Complaint suffers from the second, third, and fourth types of pleading deficiencies. *See* (ECF No. 17 at 9-11). According to Credit Control, the Complaint "repeats, reiterates[,] and incorporates the allegations contained in paragraphs 1-52 in both . . . causes of action without explaining which allegations support the elements of a TCPA claim and which support the elements of an FDCPA claim." *Id.* at 10; *see also* (ECF No. 1 ¶¶ 53, 58). Credit Control further asserts that the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected with any particular cause of action." (ECF No. 17 at 10). Lastly, Credit Control challenges Plaintiff's failure to separate the FDCPA claims under §§ 1692d, 1692e, and 1692f into separate counts. *Id.* at 11. In response, Plaintiff does not address Credit Control's argument that the Complaint is a shotgun pleading, but asserts that if the Court

finds that Plaintiff's Complaint is deficient, Plaintiff should be allowed to amend the pleading. (ECF No. 20 at 10-11).

Here, although Plaintiff's Complaint re-alleges and incorporates by reference preceding allegations—thus meeting the literal definition of a "shotgun" pleading—the undersigned finds no error in Plaintiff's incorporation of prior allegations because Plaintiff's TCPA claim is based on the same nucleus of facts as the FDCPA claim. *See, e.g., United States ex rel. Carmen Medrano v. Diabetic Care RX, LLC*, No. 15-CV-62617, 2018 WL 6978633, at *14 (S.D. Fla. Nov. 30, 2018) (concluding that incorporation of previous allegations was proper where claims were based on same nucleus of facts), *report and recommendation adopted in part sub nom. United States ex rel. Medrano v. Diabetic Care RX, LLC*, No. 15-CV-62617, 2019 WL 1054125 (S.D. Fla. Mar. 6, 2019); *Ward v. Ezpawn Fla., Inc.*, No. 6:15-CV-474-ORL 22-DAB, 2015 WL 12915703, at *2 (M.D. Fla. Oct. 28, 2015) (recommending against dismissal of shotgun pleading that "present[ed] a factual scenario alleged to be the basis for *all* of the counts"), *report and recommendation adopted*, No. 6:15-CV-474-ORL 22-DAB, 2016 WL 890087 (M.D. Fla. Mar. 9, 2016).

Nonetheless, Plaintiff's Complaint is deficient on other grounds. It contains "conclusory" and "vague" allegations that "fail to allege any facts regarding the number or frequency of [the] calls, nor . . . provide any details from which the Court could draw the reasonable inference that Credit Control engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff." *See* (ECF No. 17 at 10, 11) . For example, although Plaintiff alleges that "Credit Control placed calls to Plaintiff's cell phone [by calling], using an [ATDS] and/or using an artificial prerecorded voice," *see* (ECF No. 1 ¶¶ 36-37), Plaintiff does not set forth facts that would support his claims under the TCPA, the FDCPA, or both. Moreover, as further discussed below, the Complaint contains no factual allegations regarding the date(s), frequency, phone number, or

6

details of the calls allegedly placed by Credit Control. Accordingly, the Complaint should be dismissed as a shotgun pleading containing unsupported and conclusory allegations. *See, e.g., Johnson v. Equiant Fin. Servs.*, No. 1:18-CV-23789, 2018 U.S. Dist. LEXIS 191411, at *3-4 (S.D. Fla. Nov. 7, 2018) (dismissing complaint as shotgun pleading where, among other things, it contained multiple conclusory allegations that merely quoted statutory language).

Lastly, dismissal is also proper because Plaintiff failed to separate into individual counts the FDCPA claims pursuant to §§ 1692d (prohibiting harassment or abuse), 1692e (prohibiting false or misleading representations), and 1692f (prohibiting unfair practices). Instead, Plaintiff groups all Defendants into Count II alleging unspecified violations of the three different subsections. (ECF No. 1 ¶ 59). Thus, Plaintiff has improperly alleged multiple FDCPA claims in one count without providing factual support for the allegations. *See, e.g., Johnson,* 2018 U.S. Dist. LEXIS 191411, at *3-5 (concluding that dismissal was proper where plaintiff included violations of multiple sections of FDCPA in one umbrella count).

In sum, for the reasons set forth above, Plaintiff's Complaint should be dismissed without prejudice and Plaintiff should be given an opportunity to correct the deficiencies. In the interest of completeness, however, the undersigned will also address the Motion on the merits. *See*, *e.g.*, *Id.* at 5-6 (dismissing the complaint as a shotgun pleading, but addressing remaining problems with the pleading); *Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, No. 18-CV-61638, 2019 WL 2245584, at *11 (S.D. Fla. Mar. 7, 2019), *report and recommendation adopted sub nom. Alcon Labs., Inc. v. Allied Vision Grp., Inc.*, No. 18-61638-CIV, 2019 WL 2245262 (S.D. Fla. Apr. 2, 2019) (citing *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1337 (S.D. Fla. 2011) (dismissing complaint as shotgun pleading but addressing the merits of the parties' arguments to "guide the parties' preparation of prospective pleadings").

7

### B.     *The Complaint Fails to Sufficiently Allege a TCPA Claim*

The TCPA was enacted in 1991 to regulate the pervasive use of telephones to market goods and services, which can be an intrusive invasion of privacy and pose a risk to public safety when calls are made to emergency or medical-assistance telephones.  *See* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394; *see also Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2014 WL 11531368, at *3 (S.D. Fla. Jan. 17, 2014).  The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

To establish a TCPA violation generally, a plaintiff must show that the defendant called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice.  *See Brown v. Account Control Tech., Inc.*, No. 13-CV-62765, 2014 WL 11706429, at *3 (S.D. Fla. Mar. 28, 2014) (quotation omitted).  Accordingly, a plaintiff must provide sufficient factual support that the defendant used "an automatic dialing system or an artificial or prerecorded voice."  *Adams v. Ocwen Loan Serv., LLC*, 366 F. Supp. 3d 1350, 1354 (S.D. Fla. 2018) (quoting *Witchard v. Allied Interstate, LLC*, No. 8:15-cv-1109-T-33MAP, 2015 WL 6817163, at *2 (M.D. Fla. Nov. 6, 2015)).  Nevertheless, "[t]o sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS or prerecorded voice without alleging *additional facts to support those facts*." *Adams*, 366 F. Supp. 3d at 1355-56 (emphasis added).

Here, Credit Control argues that Plaintiff's Complaint is "devoid of any factual content that would allow the court to draw the reasonable inference that Credit Control employed the use of an ATDS or used any artificial or prerecorded voice, as [Plaintiff] does not plead any facts suggesting that Credit Control's dialing equipment could automatically generate and dial random or sequential numbers." *See* (ECF No. 17 at 5).  In response, Plaintiff asserts that courts require "minimal facts" to allege a defendant's use of an ATDS at the pleading stage.  (ECF No. 20 at 6).  In relevant part, Plaintiff's Complaint alleges that:

> On information and belief, on a date better known to Defendant Credit Control, Defendant Credit Control began calling Plaintiff's cellular telephone, using an . . . ([ATDS] or "predictive dialer") and/or using an artificial or prerecorded voice. (ECF No. 1 ¶ 36).
>
> Defendant Credit Control was aware from Defendant [BOA] that these calls were unwanted, and the continued calls could have served no purpose other than harassment. *Id.* ¶ 38.
>
> Defendant Credit Control ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis. *Id.* ¶ 39.
>
> Plaintiff told Defendant Credit Control not to contact him on his cellphone and revoked any consent the Defendant [BOA] may have previously had to call the Plaintiff in this manner. *Id.* ¶ 40.
>
> Defendant Credit Control ignored Plaintiff's multiple revocations and continued to call his cellular telephone number on a consistent basis. *Id.* ¶ 41.
>
> These calls from Defendant Credit Control to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B). *Id.* ¶ 42.

These allegations, however, are insufficient to establish a TCPA claim.

Plaintiff relies on *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV, 2019 WL 3409487 (S.D. Fla. Apr. 3, 2019), *Spinelli v. Storm Tight Windows*, No. 18-62592-CIV, 2019 U.S. Dist. LEXIS 27573 (S.D. Fla. Feb. 21, 2019), and *Adams v. Ocwen Loan Servicing,*

9

*LLC*, 366 F. Supp. 3d 1350 (S.D. Fla. 2018) to support the contention that, pursuant to the TCPA, minimal facts are required to allege use of an ATDS. (ECF No. 20 at 5-6). These cases, however, are factually inapposite. For example, in *Wijesinha*, the court denied a motion to dismiss the TCPA claim where plaintiff alleged "additional facts, including descriptions of a pause before connection, which is indicative of ATDS technology . . .; the [d]efendant's job listings seeking employees with knowledge of an ATDS . . .; and multiple claims from other consumers alleging the use of an ATDS by the phone number in question . . . ." *Wijesinha*, 2019 WL 3409487, at * 6. Similarly, in *Spinelli*, plaintiff alleged that she received text messages on specific dates, provided examples of the alleged texts in the complaint, and alleged that calls she received from defendant contained a prerecorded message advertising defendant's good and services. *Spinelli,* 2019 U.S. Dist. LEXIS 27573, at *2, *3, *8. Likewise, in *Adams*, plaintiff alleged that defendant called plaintiff between specific dates more than 310 times using an ATDS. *Adams,* 366 F. Supp. 3d at 1352, 1356. Indeed, the court in *Adams* noted that establishing the ATDS element required more than a recital of the statutory elements. *Id.* at 1355-56. In this regard, the *Adams* court found sufficient ATDS allegations that: (i) defendant made more than 310 calls; and (ii) defendant ignored plaintiff's numerous demands to stop calling, which suggested that defendant was autodialing. *Id.* at 1356; *see also Ambroise v. Am. Credit Adjusters, LLC*, No. 15-22444-CIV, 2016 WL 6080454, at *4 (S.D. Fla. Mar. 22, 2016) (concluding that plaintiff sufficiently alleged use of an ATDS in a TCPA claim where defendant allegedly called plaintiff at least 15 times on specific dates, without prior express consent); *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (TCPA claim was sufficiently pled where defendant allegedly made approximately 45 calls to plaintiff's cell phone during a specified time period, plaintiff described the generic content of the messages, and plaintiff alleged that defendant ignored plaintiff's demands to stop calling); *Padilla*

*v. Whetstone Partners, LLC,* No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (granting motion to dismiss TCPA claim where plaintiff recited the cause of action without detailing whether there was a pause upon answering the call, the content of the pre-recorded messages, or any other fact that would support conclusory allegation that plaintiff received calls from an ATDS); *Brown*, 2014 WL 11706429, at *1 (concluding that plaintiff sufficiently alleged ATDS element in TCPA claim where "automated, machine-operated voice asked [p]laintiff to 'please hold for the next available agent.'"); *Manfred v. Bennett Law, PLLC*, No. 12-CV-61548, 2012 WL 6102071, at *1, *2 (S.D. Fla. Dec. 7, 2012) (denying motion to dismiss where defendant allegedly left more than 40 voicemail messages on plaintiff's cell phone within specific dates); *Buslepp v. Improv Miami, Inc.*, No. 12-60171-CIV, 2012 WL 1560408, at *1 (S.D. Fla. May 4, 2012) (denying motion to dismiss TCPA claim where plaintiff alleged the date and content of the text message, and that numerous other persons received the same text). Against this legal backdrop, without additional facts to support the ATDS element of Plaintiff's claim—such as number of calls, dates, and some content description—Plaintiff has failed to sufficiently allege a TCPA claim.

Accordingly, the undersigned recommends that Credit Control's motion to dismiss the TCPA claim for failure to state a claim be granted without prejudice. Plaintiff should be granted leave to amend the Complaint to cure these deficiencies.

    C.    *The Complaint Fails to Sufficiently Allege a Claim under the FDCPA*

"The FDCPA was passed in response to abundant evidence of . . . abusive, deceptive, and unfair debt collection practices by many debt collectors; then-existing laws and procedures for redressing injuries caused by such practices had proven inadequate to protect consumers." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1303 (11th Cir. 2015) (quoting 15 U.S.C.

§ 1692(a)-(b)). Further, the purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Id.* (quoting 15 U.S.C. § 1692(e)).

To prevail on a claim under the FDCPA, a plaintiff must prove that: (i) plaintiff has been the object of collection activity arising from consumer debt; (ii) defendant is a debt collector as defined by the FDCPA; and (iii) defendant has engaged in an act or omission prohibited by the FDCPA. *Samson v. Marinosci Law Grp., P.C.*, No. 13-61677-CIV, 2013 WL 5789216, at *2 (S.D. Fla. Oct. 29, 2013). Here, Count II of the Complaint alleges that Defendants' (including Credit Control's) debt collection efforts "violated various provisions of the FDCPA, "including but not limited to 15 U.S.C. § 1692d, 1692e, and 1692f." (ECF No. 1 ¶ 59).

Credit Control argues that Plaintiff has failed to allege sufficient facts that "would allow the court to draw the reasonable inference that Credit Control engaged in an action or omission prohibited by the FDCPA," and specifically by §§ 1692d, 1692e, or 1692f.[4] (ECF No. 17 at 7). More specifically, Credit Control asserts that Plaintiff has failed to allege: (i) any facts about the frequency of the calls, the content of the messages, or Credit Control's conduct in placing the calls; (ii) any facts showing how Credit Control was aware the purported calls were unwanted; (iii) the dates or manner by which Plaintiff told Credit Control to stop calling his cell phone; and (iv) the dates on which Credit Control made any subsequent calls to Plaintiff. *Id.* at 7. In response, Plaintiff asserts that "[w]hile perhaps not pled with a preferred clarity," the Complaint sufficiently

---

[4] Without conceding that Plaintiff has sufficiently pled the first two elements of a FDCPA claim, Credit Control's Motion focuses on Plaintiff's failure to sufficiently allege the third element, *i.e.*, an action or omission prohibited by the FDCPA. *See* (ECF No. 17 at 7).

12

alleges violations of the FDCPA. (ECF No. 20 at 8, 9). As discussed below, the undersigned disagrees.

   1. *Section 1692d – Prohibiting Harassing or Abusive Conduct*

Section 1692d of the FDCPA states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute sets forth a non-exhaustive list of examples of violative conduct, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). In determining whether a communication is harassing or oppressive under § 1692d, courts consider the following factors:

> (1) [T]he volume and frequency of attempts to contact the debtor, (2) the volume and frequency of contacts with the debtor, (3) the duration of the debt collector's attempted communication and collection, (4) the debt collector's use of abusive language, (5) the medium of the debt collector's communication, (6) the debtor's disputing the debt or the amount due, (7) the debtor's demanding a cessation of the communication, (8) the debt collector's leaving a message, (9) the debt collector's calling at an unreasonable hour, (10) the debt collector's calling the debtor at work, (11) the debt collector's threatening the debtor, (12) the debt collector's lying to the debtor, (13) the debt collector's impersonating an attorney or a public official, (14) the debt collector's contacting a friend, co-worker, employee, employer, or family member, and (15) the debt collector's simulating or threatening legal process.

*Mesa v. Pennsylvania Higher Educ. Assistance*, No. 16-24577-CIV, 2017 WL 8812736, at *6 (S.D. Fla. Dec. 13, 2017) (quoting *Valle v. Nat'l Recovery Agency*, No. 8:10-CV-2775-T-23MAP, 2012 WL 1831156, at *1 (M.D. Fla. May 18, 2012)). Further, "[w]hen determining if a debt collector intends to harass a consumer, courts in this District consider the frequency, duration, volume, and content of the debt collector's phone calls, [and] whether the debt collector called on weekends and holidays or called back after being told to stop. In total, the debt collector's

'behavior must be intended to harass, upset, humiliate, or panic a debtor.'" *Barnes v. Seterus, Inc.*, No. 13-81021-CV, 2013 WL 6834720, at *2 (S.D. Fla. Dec. 26, 2013) (citation omitted).

Against this backdrop, Plaintiff's Complaint lacks sufficient facts to support an alleged violation of § 1692d. Although Plaintiff alleges that: (i) Credit Control called Plaintiff using an ATDS and/or using an artificial or prerecorded voice (ECF No. 1 ¶ 36-37); (ii) Credit Control knew that the calls were unwanted and served no purpose other than to harass (*Id.* ¶ 38); and (iii) Credit Control ignored Plaintiff's revocation to BOA and continued to call on a "consistent" basis (*Id.* ¶ 39), these conclusory allegations are insufficient to show that the calls had the natural consequence of harassing, oppressing or abusing Plaintiff in connection with a debt. Noticeably missing from the Complaint are allegations regarding the frequency, duration, volume, and content of the alleged calls. *Barnes*, 2013 WL 6834720, at *2 (collecting cases on factors considered to determine an FDCPA claim). Although Plaintiff alleges that the calls were "consistent," (ECF No. 1 ¶ 39), Plaintiff does not allege the frequency/volume of calls or if they were plausibly intended to harass Plaintiff. *See, e.g.*, *Bonanno v. New Penn Fin., LLC*, No. 5:17-CV-229-OC-30PRL, 2017 WL 3219517, at *5 (M.D. Fla. July 28, 2017) (finding that plaintiff's allegation of "multiple" calls was insufficient to show calls were made repeatedly or continuously as required by § 1692d); *Brown*, 2014 WL 11706429, at *4 (dismissing FDCPA claims alleging "repeated" debt-related calls—without allegations regarding frequency, duration, content, and/or responses to requests that the calls stop—for failure to show conduct that would "harass, oppress, or abuse" plaintiff under § 1692d(5)); *see also Rhinehart v. Diversified Cent., Inc.*, No. 4:17-CV-624-VEH, 2018 WL 372312, at *10 (N.D. Ala. Jan. 11, 2018) (finding FDCPA claim not plausible where plaintiff alleged number of calls, the time period, and "multiple" requests that defendant stop

calling, but failed to provide details about the calls, including the content of any messages received).

For these reasons, the undersigned finds that Plaintiff has failed to state an FDCPA claim under § 1692d.

*2. Section 1692e – Prohibiting False or Misleading Representations*

Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e; *see also Nyasimi v. Durham & Durham, LLP*, No. 1:17-CV-1249-AT-LTW, 2017 WL 8221399, at *3 (N.D. Ga. Nov. 17, 2017), *report and recommendation adopted*, No. 1:17-CV-1249-AT, 2017 WL 8222330 (N.D. Ga. Dec. 6, 2017). Like § 1692d, § 1692e includes a non-exhaustive list of violative conduct. 15 U.S.C. § 1692e(1)-(16); *Samson,* 2013 WL 5789216, at *3 (noting § 1692e list of non-exhaustive prohibited conduct).

Here, Plaintiff's Complaint fails to indicate how Credit Control allegedly violated § 1692e. Rather, the Complaint states—in conclusory fashion—that Credit Control's debt collection efforts "violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, and 1692f." (ECF No. 1 ¶ 59). These allegations, without more, are insufficient to state a claim. *See, e.g.*, *Nyasimi*, 2017 WL 8221399, at *6 (concluding that plaintiff failed to state a claim under § 1692e as there was no false, deceptive, or misleading conduct alleged).

Accordingly, the undersigned finds that Plaintiff has failed to state an FDCPA claim under § 1692e.

*3. Section 1692f – Prohibiting Unfair Practices*

Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. As with

§§ 1692d and 1692e, § 1692f includes a non-exhaustive list of violative conduct. 15 U.S.C. § 1692f(1)-(8). "[T]o state a claim for violation of § 1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct *beyond that which the plaintiff alleges violates other provisions of the FDCPA*." *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 12-0425-WS-N, 2012 WL 4336012, at *3 (S.D. Ala. Sept. 20, 2012) (collecting cases where § 1692f claim was insufficiently pled) (emphasis added); *see also Miljkovic*, 791 F.3d at 1308 (plaintiff failed to state a claim under § 1692f where plaintiff did not identify how defendant's conduct was unfair or unconscionable); *Brown*, 2014 WL 11706429, at *5 (granting motion to dismiss § 1692f claim where allegations failed to establish violations of both § 1692d and §1692f).

As noted above, Plaintiff summarily alleges that Credit Control's debt collection efforts "violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, and 1692f." (ECF No. 1 ¶ 59). Plaintiff does not, however, allege any improper acts enumerated in §1692f, or any factual allegations of misconduct beyond conduct encompassed by §§ 1692d and 1692e. Accordingly, the undersigned finds that Plaintiff has failed to state an FDCPA claim under § 1692f.

## IV.    RECOMMENDATION

For all of the foregoing reasons, the undersigned respectfully recommends that the Motion (ECF No. 17) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**. Plaintiff should also be allowed leave to amend the Complaint to cure the deficiencies identified in this Report and Recommendation.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla.

Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2019); *see Thomas v. Arn*, 474 U.S. 140 (1985).

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 6, 2020.

                                           *[signature]*
                                           ALICIA O. VALLE
                                           UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen M. Williams
     All Counsel of Record